1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, ESQ., No. 148213
2   tim@thimeschlaw.com
   158 Hilltop Crescent
3  Walnut Creek, CA 94597-3452
   Tel: 925/588-0401
4  Fax: 888/210-8868

5  Attorneys for Plaintiff CRAIG YATES

6  JASON G. GONG, ESQ. No. 181298
   LAW OFFICE OF JASON G. GONG
7  A Professional Corporation
   2121 N. California Blvd., Suite 290
8  Walnut Creek, CA 94596
   Telephone: (925) 735-3800
9  Facsimile: (925) 735-3801
   Email: jgong@gonglawfirm.com
10
   Attorney for Defendants HONG KONG LOUNGE; M & V INVESTMENT, INC.; YAO LU
11  WU; LI ZHEN ZHANG; PETER Y. ZHANG; LUCY KUNG; ROBERT LI; JUDY L.
   CHEONG
12

13                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA
14

15  CRAIG YATES,                          CASE NO. C 11-06649 DMR
                                          Civil Rights
16           Plaintiff,

17  v.                                    �ated **FULL CONSENT DECREE
                                          ORDER AND JUDGMENT**
18  HONG KONG LOUNGE; M & V
   INVESTMENT, INC.; YAO LU WU; LI
19  ZHEN ZHANG; PETER Y. ZHANG;
   LUCY KUNG; ROBERT LI; JUDY L.
20  CHEONG; and DOES 1 through 50,
   Inclusive,
21
             Defendants.
22  _____ /

23

24  ////

25  ////

26  ////

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR

1

# TABLE OF CONTENTS

2  INTRODUCTION .... ..................................................................................................1
STIPULATIONS
3     Plaintiffs' Qualified Disability .................................................................2
4     Plaintiff's Status as Aggrieved and Potentially Aggrieved ....................2
   Qualified Facilities...................................................................................2
5     Alteration History       2
   Scope of Facilities in Issue .....................................................................2
6  JURISDICTION .....................................................................................................2
SCOPE OF SETTLEMENT
7  AGREEMENTS CONCERNING INJUNCTIVE RELIEF .....................................3
8     Specific Agreed Remediations ................................................................3
   Performance Standards............................................................................9
9     Option to Close Facilities .........................................................................9
   Time for Compliance................................................................................9
10     Enforcement...........................................................................................10
AGREEMENT CONCERNING DECLARATORY RELIEF ................................10
11  RESOLUTION OF REMAINING MONETARY CLAIMS
12     Resolution of Plaintiffs' Claim for Statutory Damages.......................11
   Resolution of Claim for Reasonable Statutory Attorneys Fees, Litigation
13        Expenses and Costs..............................................................................11
CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN
14        INTEREST ...........................................................................................12
JOINT PREPARATION AND SEVERABILITY ...............................................12
15  SIGNATORIES BIND PARTIES .......................................................................12

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR**    — ii —

1

## FULL CONSENT DECREE ORDER AND JUDGMENT

2

## INTRODUCTION

3       **1.**     Plaintiff CRAIG YATES is a person with a disability whose condition requires

4  the full time use of a wheelchair for mobility

5       **2.**     Defendants YAO LU WU; LI ZHEN ZHANG; PETER Y. ZHANG; LUCY

6  KUNG; ROBERT LI; JUDY L. CHEONG (hereafter "Landlords") are the owners of the real

7  property housing the public accommodation Hong Kong Lounge, located at or near 5322 Geary

8  Boulevard in San Francisco, California (hereafter, "Subject Restaurant"). They lease the

9  property to Defendant M & V INVESTMENT, INC., who shall be referred to herein as

10 Tenant. Together, the subject Tenants and Landlord shall be referred to as Defendants; and

11 together Plaintiff and the Defendants shall be referred to collectively herein as the Parties.

12      **3.**     Plaintiff filed this action for himself and all other similarly situated members of

13 the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"),

14 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1.

15      **4.**     Plaintiff alleges that Subject Defendants and the Hong Kong Lounge violated

16 these statutes by failing to provide full and equal access and related facilities, including an

17 accessible route from the public sidewalk to all elements of the building, and to the main

18 entrance, dining facilities, the bar, dining tables and public restrooms. Specific identification of

19 the facilities and their deficiencies were identified in the Complaint filed on December 27,

20 2011.

21      **5.**     Plaintiff alleges that the subject building and site has undergone construction

22 triggering the requirement of full compliance with regulations in the altered areas, and that

23 further Defendants could easily afford to makes its facilities and services accessible without

24 significant difficulty or expense.

25      **6.**     The Parties enter this Full Consent Decree Order and Judgment (hereafter

26 "Consent Decree") in order to fully resolve the issues, claims and defenses in this case.

27 ////

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1   **STIPULATIONS**

2   **7.    Plaintiff's Qualified Disability.** Plaintiff qualifies as a "person with a physical

3   disability" as defined by the relevant statutes.

4   **8.    Plaintiff's Status as Aggrieved and Potentially Aggrieved.** Plaintiff CRAIG

5   YATES alleges he has standing to bring this action, that he lives in Terra Linda; that he grew

6   up in the Richmond District, and he regularly returns there to shop, dine and conduct personal

7   affairs, and that he has been a repeat customer of this restaurant. While the Defendants do not

8   admit all of the foregoing allegations, they agree that they possess sufficient facts support

9   Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes,

10  and his individual standing under Article III of the U.S. Constitution.

11  **9.    Qualified Facilities.** The Hong Kong Lounge qualifies as a "public

12  accommodation" and "commercial facility" under all applicable statutes and regulations.

13  **10.    Alteration History.** The parties stipulate that all facilities in issue have

14  undergone sufficient and recent alteration and/or new construction to require compliance with

15  the Americans With Disabilities Act Access Guidelines published in 1992, as it applies to

16  altered facilities, and that the restaurant is otherwise subject to the requirements of Civil Code

17  Section 54.3 and Title 24, Part II, of the California Code of Regulations.

18  **11.    Scope of Facilities in Issue.** The following are the facilities at the Subject

19  Restaurant affected by this Consent Decree: including, but not limited to: the accessible route

20  from the public sidewalk and boundary of the site to the main entrance of the restaurant, the

21  main entrance, the dining table facilities, the service counter, and the public restrooms.

22

23  **JURISDICTION**

24  **12.    The facts requisite to federal jurisdiction are admitted.    This Court has**

25  jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C.

26  §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and

27  use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a

28  common nucleus of fact and is proper.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR                                        — 2 —

13.     This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until defendants have fulfilled all conditions hereunder.  This agreement is contingent upon Court acceptance of this continuing jurisdiction.

14.     The parties agree to entry of this Consent Decree in order to resolve the below listed allegations raised in the Complaint filed with this Court on December 27, 2011. Accordingly, the parties agree to this Consent Decree without trial or further adjudication of any issues of fact or law concerning the issues specified herein Full Consent Decree Judgment and Order.

15.     In entering this Consent Decree, Defendants agree this Consent Decree fully vindicates Defendants' violation of Plaintiffs' rights under the Americans with Disabilities Act and Civil Code Section 54 and 54.1.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full Consent Decree Judgment and Order, which provides as follows:

## SCOPE OF SETTLEMENT

16.     This Consent Decree shall be a full, complete, and final disposition and settlement of the below claims that have been or could have been alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and compensatory damages, including personal and bodily injury, and Plaintiff's claims for reasonable statutory attorney fees, litigation expenses and costs.  This Consent Decree was reached through negotiations between the Parties.  The Court shall retain jurisdiction of this action to enforce and interpret this Full Consent Decree Judgment and Order.  The parties agree that if they or any of them seek Court enforcement of this Full Consent Decree Judgment and Order, any such enforcement will be by noticed motion, application or other appropriate request for an order for specific performance, and that a contempt citation or decree will not be sought by any party.

## AGREEMENTS CONCERNING INJUNCTIVE RELIEF

17.     **Specific Agreed Remediations.**  As a part of a compromise of global liability,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR          — 3 —

1   the Defendants each agree that they shall be jointly and severally responsible to perform the
2   following work to provide disabled access at the Subject Restaurant:

3   **1)**    The landing on the exterior of the main entrance is not level within 2%
4   maximum as required by code. (2007-CBC §1133B.2.4.2; and ADAAG at §4.13.6 & Figure
5   25. Defendants shall provide a compliant landing in compliance with CBC and ADAAG
6   Requirements.

7   **2)**    The previous condition additionally causes a cross-slope in the required
8   24 inch strike edge clearance for this door. (2007-CBC §1133B.2.4.2; and ADAAG at §4.13.6
9   & Figure 25.) Defendants shall provide a compliant landing in compliance with CBC and
10  ADAAG Requirements.

11  **3)**    The landing on the interior of the main entrance is not level within 2%
12  maximum as required by code. (2007-CBC §1133B.2.4.2; and ADAAG at §4.13.6 & Figure
13  25.) Defendants shall provide a compliant landing in compliance with CBC and ADAAG
14  Requirements.

15  **4)**    The push side of the main entrance door (the door swings out to the
16  sidewalk) does not have a 10 inch high smooth uninterrupted surface as required by code.
17  Compliance with this requirement allows the door to be opened by a wheelchair footrest
18  without creating a trap or hazardous condition. (2007-CBC §1113A.5.) Defendants shall
19  provide a 10 inch kick plate or other compliance surface in conformance with CBC
20  requirements.

21  **5)**    The push pressure on the main entrance door exceeds the 5 lbs.
22  maximum permitted by code. (2007-CBC §1133B.2.5.) This barrier discriminates against
23  persons with disabilities whose physical condition requires the use of a wheelchair for mobility
24  by making it more difficult to impossible to go through the door without assistance. Plaintiff
25  encountered this condition and was discriminated against in just such a manner. Defendants
26  shall adjust these entrances so that the amount of push pressure required to operate is no more
27  than 5 lbs.

28  **6)**    The interior vestibule door has a Maître Di stand on the exterior side of

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1   the door at a distance of approximately 40 inches from the face of the closed door, which is in

2   the 48 inch minimum door landing.   (2007-CBC §1126A.3.2.1 and Figure 11A-8A, and

3   ADAAG § 4.13.6 and Figure 25(a).)    Defendants shall eliminate the obstruction in

4   conformance with CBC and ADAAG requirements.

5         **7)**    On information and belief, the distance between the doors serving either

6   end of the entry vestibule is less than the 48 inch minimum required by code.  This condition

7   discriminates as described in the previous paragraph.  Defendants shall provide a compliant

8   door landing in compliance with CBC and ADAAG requirements.

9         **8)**    The entry vestibule does not contain a 30X48 inch clear floor space that

10  is situated outside of the required exit way for the restaurant.  Defendants shall reconfigure the

11  space to provide a compliant clear floor space for wheelchair users to use the waiting area.

12        **9)**    The interior vestibule door lacks required strike edge clearance.  (2007-

13  CBC §1133B.2.4.3; and ADAAG at §4.13.6 & Figure 25.)  This barrier discriminates against

14  wheelchair users by making it difficult to impossible to position the wheelchair a location

15  where the door can swing upon without striking the chair, and makes it much more difficult, if

16  not impossible, to go through the door independently.  Defendants shall reconfigure the

17  vestibule, or the swing of the door, to provide required strike side clearance, and in full

18  conformance with CBC and ADAAG requirements.

19        **10)**   The interior vestibule door lacks a 10 inch high smooth uninterrupted

20  surface on its push side.  Compliance with this requirement allows the door to be opened by a

21  wheelchair footrest without creating a trap or hazardous condition.  (2007-CBC §1113A.5.)

22  Defendants shall provide a 10 inch kick plate or other compliance surface in conformance with

23  CBC requirements.

24        **11)**   The push pressure on the interior vestibule door exceeds the 5 lbs.

25  maximum permitted by code.  (2007-CBC §1133B.2.5.)  This barrier discriminates against

26  persons with disabilities whose physical condition requires the use of a wheelchair for mobility

27  by making it more difficult to impossible to go through the door without assistance.

28  Defendants shall adjust these entrances so that the amount of push pressure required to operate

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR                    — 5 —

1   is no more than 5 lbs.

2       **12)** The height of the typical 2-4 person table is adequate, but the knee space
3   projects under the table only approximately 12 inches instead of the 19 inches required, and the
4   clear floor space under the table is only 19 inches wide between the legs. (2007-CBC
5   §1122B.3; and ADAAG §4.32.3.) Defendants shall provide access to at least 5% of the tables,
6   and in each seating section, that in conformance with CBC/ADAAG requirements, ensuring
7   that none of such designated accessible tables has a pedestal, pedestal base or other obstruction
8   located within the 19 inch minimum depth required for knee space dimension.

9       **13)** The aisle width between tables ranges from approximately 36-38 inches
10  between the chairs in the pushed-in position to 30 inches between chairs in their occupied
11  position. When the typical table is equipped with a banquet table-top on demand, there is no
12  longer a 36 inch path of travel through the restaurant. Defendants shall survey the restaurant by
13  a licensed CASp consultant and provide a minimum 36 inch path of travel to all facilities.

14      **14)** The work area outside the public restrooms is covered with walk-off
15  mats that are not firmly attached to the floor, and buckle under the wheelchair as it moves
16  across the mats. All ground and floor surfaces along an accessible route are required to be
17  stable, firm and slip resistant. (2007-CBC §1124B.1; and ADAAG §4.5.1.) Defendants shall
18  firmly attach the mats in conformance with CBC and ADAAG requirements.

19      **15)** In the interior of the men's public restroom, there are three floor mats on
20  the interior of the restroom: one in front of the sink, one in front of the urinal, and one in front
21  of the toilet in the designated accessible stall. These mats are also not firmly attached, and also
22  buckle and tangle under the wheelchair's wheels as the user moves across the floor.
23  Defendants shall remove or firmly attach these mats.

24      **16)** The knee-space under the sink at the front face of the sink is
25  approximately 27 inches above the finished floor instead of the 29 inches required by code.
26  (2007-CBC §1115B.4.3(2); and ADAAG §4.19.2.) Defendants shall raise the sink in
27  compliance with CBC and ADAAG requirements.

28      **17)** There's a large semi-rectangular wicker basket under the sink that

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR**      — 6 —

1    obstructs the clear floor space under one entire sink, and a portion of the second, leaving a clear
2    floor space under the sink that has a width of approximately 27 inches, which is less than the 30
3    inch minimum required by code. Defendants shall remove the obstacle to comply with CBC
4    and ADAAG requirements.

5    **18)** The sinks themselves are rectangular bowls set on top of the counter. On
6    information and belief, the height of the top of the bowls is set at a height that exceeds the 34
7    inch maximum specified by code. (2010-CBC Figure 11B-1D; and ADA Stds at Figure 31.)
8    Defendant shall have this facility surveyed by a licensed CASp consultant, and if the overall
9    height exceeds 34 inches, Defendants shall reposition the counter to be at or below the
10   compliant maximum height in conformance with the CBC and ADAAG requirements.

11   **19)** The controls for the sink must be reached across the obstruction of the
12   bowl, which, since it is higher than the maximum of 34 inches, creates a barrier that individuals
13   using wheelchairs must reach across. Defendant shall have the sink surveyed and adjusted as
14   provided in the preceding paragraph.

15   **20)** The height of the two paper towel dispensers mounted on wing walls on
16   either side of the sink counter are approximately 50 inches above the finished floor, which
17   exceeds the 40 inch maximum specified by code. (2007-CBC §1115B.8.3; and ADAAG §§
18   4.27.3 and 4.2.5 & 6.) Defendants shall reposition the paper towel holder to comply with CBC
19   and ADAAG requirements.

20   **21)** The turn-around space in front of the sink is approximately 45 inches,
21   and in front of the urinals, is approximately 55 inches. Hence, the bathroom lacks a 60 inch
22   turn around space (2007-CBC §1115B.3.1; and ADAAG §4.23.3). Defendants shall provide
23   compliant clear floor and turning space meeting the requirements of the CBC and ADAAG.

24   **22)** The toilet is mounted at 19 inches on center instead of the 18 inches
25   exact on-center dimension specified by code. (2010-CBC §1115B.4.1(1); and ADAAG 4.17.3
26   and Fig. 30.) Defendants shall remount the toilet to the exact specified dimension to conform
27   to code, or provide an appropriately sized backer-board behind the side grab bar.

28   **23)** The distance in front of the toilet is 54 inches instead of the 60 inches

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR     — 7 —

1  required for a side approach toilet stall. (2007-CBC § 1115B.4.1(2); and ADAAG §4.16.2 and

2  Fig. 28.) Defendants shall reconfigure the room to provide front transfer space that is

3  compliant with CBC and ADAAG requirements.

4      **24)** The distance beside the toilet is 28 inches instead of the 32 inches

5  minimum required. Additionally, the is a water hose bib mounted on the floor in the side

6  transfer space at a distance of approximately 14 inches from the edge of the toilet, and it

7  projects off the wall approximately 6 inches into the required clear floor space beside the toilet,

8  which further reduces the clear floor space and the flexibility that the user has to position their

9  chair appropriately to make a side transfer in this space. (2007-CBC §1115B.4.1(1); and

10  ADAAG §4.16.2.) Defendants shall reconfigure the side transfer space in conformance with

11  CBC/ADAAG requirements.

12      **25)** On information and belief, the stall is less than the 60 inch minimum

13  required inside a stall when the stall-door swings into the stall space. The stall door opens

14  inside the stall, and there is insufficient room inside the stall to place a 30 X 48 inch rectangular

15  clear floor space to get the stall door closed. Finally, the stall door is set at approximately 40

16  inches from the wall that the toilet is mounted upon, instead of the 54 inch minimum required

17  by code. Defendants shall reconfigure the space in conformance with ADAAG and CBC

18  requirements.

19      **26)** The toilet paper is further than 36 inches from the wall that the toilet is

20  mounted upon, and it is further than 12 inches beyond the front face of the toilet. (2007-CBC

21  §1115B.8.4; and ADAAG Figure 30.) Defendants shall reposition the toilet paper holder in

22  conformance with CBC/ADAAG requirements.

23      **27)** The centerline of the grab bars are set a height of 36 inches above the

24  finished floor, instead of the 33 inch on-center dimension specified by code. (2010-CBC

25  §1115B.7 and Figure 11B-1A.) Defendants shall remount the grab bar to conform to the CBC

26  and ADAAG requirements.

27      **28)** The centerline height of the dispensing portion of the sanitary seat cover

28  dispenser greatly exceeds the 40 inch maximum specified by code. (2010-CBC §1115B.8.3

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR**       — 8 —

1  and ADAAG §4.27.3, 4.2.5&6.) Defendants shall lower the dispenser in conformance with
2  CBC and ADAAG requirements

3  **29)** Defendants shall reconfigure and enlarge the layout of the restroom to
4  incorporate portions of adjacent areas outside the restroom to create a fully compliant single-
5  occupancy restroom. The enlarged restroom shall provide compliant turning space and transfer
6  spaces in front of and beside the toilet. The restroom shall fully comply as to all requirements
7  for a newly constructed accessible restroom, and provide compliant clear floor spaces, a path of
8  travel to fixtures and amenities, place all amenities within a compliant reach range, have an
9  accessible sink, provide compliant grab bars, proper signage, etc.

10  **30)** Defendants shall hire a professional CASp certified consultant to ensure
11  and supervise all the foregoing work, and upon completion, to provide certification to
12  Plaintiff's counsel all was completed in strict conformance with the literal requirements under
13  California law for altered facilities, and without regard to any alleged defenses unreasonable
14  hardship, undue hardship, legal and physical constraint, technical infeasibility, 20% cost-cap,
15  etc.

16  **18. Performance Standards.** All of the foregoing facilities shall be brought into
17  full and strict compliance with the literal performance standards for altered facilities under the
18  Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992, and
19  under California's Title 24, (2008), whichever, for any particular element, provides the
20  strongest level of protection to persons with disabilities. Defendant hereby release all alleged
21  claims defenses to literal compliance such as unreasonable hardship, undue hardship, legal and
22  physical constraint, technical infeasibility.

23  **19. Option to Close Facilities.** In lieu of making modification to any particular
24  facility or amenity called for by this decree, the Defendant may choose to permanently
25  close/remove such facility, element or amenity from public use. Such facility, element or
26  amenity shall not be reopened or re-provided for public use without provision of full disabled
27  access pursuant to the terms of paragraphs 17 and 18.

28  **20. Time for Compliance.** As to all other work, Defendant shall submit plans and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR          — 9 —

1   apply for any necessary permits for this work within 60 days of the entry of this Order on the

2   docket of the court, and complete all such work within 120 days of receiving permits, allowing

3   for good faith interruptions due to inclement weather, contractor unavailability, and other

4   causes under the Doctrine of Force Majeure. These plans shall be submitted to Plaintiff's

5   counsel for their review before submission to the Building Department. Permits from the

6   building department shall be secured for all work. Defendant will provide written notice

7   regarding the status of completion within 240 days after entry of this Order. Defendant shall

8   then notify Plaintiff, and provide his attorneys and consultants with physical access to inspect,

9   measure and photograph the facilities to verify that the completed work complies with the

10  terms herein. Such inspection shall take place within 90 days of Defendants' notification of

11  completion of work. If Defendants comply with the terms of this Decree, Plaintiff shall

12  promptly request that the Court dismiss its retained jurisdiction.

13      **21.    Enforcement.** Should Plaintiff in the future become aware of any facts or

14  conditions relating to the subject public accommodation that may give rise to a claim that

15  Defendants have failed to comply with any of the injunctive relief provisions set forth herein at

16  paragraph 17, Plaintiff shall be permitted to file a noticed motion under the current case number

17  of this action seeking enforcement of this Consent Decree. The "prevailing party" in such

18  motion proceedings, whether in full or in part, may be entitled to an award of reasonable

19  attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be

20  pursuant to the normal prevailing party standards that applied under the subject statutes before

21  entry of this decree, under the subject fee shifting statutes named in the complaint and

22  Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). Thus, Defendants may be entitled

23  to recovery of attorney's fees in such proceeding only upon proof that Plaintiff's motion is

24  frivolous or brought in bad faith.

25

26      **AGREEMENT CONCERNING DECLARATORY RELIEF**

27      **22.**    In resolution of Plaintiff's claim for declaratory relief, Defendants hereby

28  stipulate, that by this Consent Decree, the barriers identified herein for correction, at paragraph

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR                    — 10 —

1    17, supra, constitute past and present violations of each Plaintiff's rights under the Title III of

2    the Americans with Disabilities Act of 1990, and Civil Code Section 54 and 54.1. Defendants

3    agree that Plaintiff's claim for statutory damages is inextricably intertwined with his claims for

4    injunctive relief. Defendants have agreed to conduct the barrier removals herein as a result of

5    the settlement of this action as provided in this Consent Decree.

6

7    **RESOLUTION OF STATUTORY DAMAGE CLAIMS**

8    **23.**    Defendants agree to pay Plaintiff the amount of $8,000 in full satisfaction of his

9    claims for bodily and personal injury and for statutory damages under Title II of the ADA, and

10    Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM

11    THIMESCH, In Trust," and delivered into Plaintiff counsel's hands by March 12, 2012. If

12    overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

13    **24.**    The parties stipulate that the foregoing amount is intended to be paid in full to

14    Plaintiffs, and understand that no part of it shall be received by Plaintiffs' counsel in

15    compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees,

16    litigation expenses, and costs.

17

18    **RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES,**

19    **LITIGATION EXPENSES AND COSTS:**

20    **25.**    Defendants agree to pay Plaintiff's counsel the amount of $18,500 in full

21    satisfaction of his claims for interim and final claims for reasonable statutory attorney fees,

22    litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code

23    Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN

24    TRUST," and delivered into Plaintiff counsel's hands by March 12, 2012. If overnight mail is

25    used, Defendant shall supply Plaintiff's counsel with a tracking number.

26

27    **FULL CONSENT DECREE JUDGMENT AND ORDER:**

28    **26.**    This Consent Decree constitutes the entire agreement between the parties on the

**Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR**      — 11 —

1     matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and

2     reasonable statutory attorney fees, litigation expenses and costs, and no other statement,

3     promise, or agreement, either written or oral, made by any of the parties or agents of any of the

4     parties, that is not contained in this written Full Consent Decree Judgment and Order, shall be

5     enforceable regarding the matters described herein.

6

7     **CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8     **27.**     The parties agree and represent that they have entered into this Consent Decree

9     voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to

10     all matters related to this Consent Decree, after having received full advice from counsel.

11     **28.**     This Consent Decree shall be binding on Plaintiffs and Defendants and any

12     successors in interest. During the period of this Consent Decree, the parties have a duty to so

13     notify all such successors in interest of the existence and terms of this Consent Decree during

14     the period of the Court's jurisdiction of this Consent Decree.

15

16     **JOINT PREPARATION AND SEVERABILITY:**

17     **29.**     This Consent Decree is deemed jointly prepared by all parties and shall not be

18     strictly construed against any party as its drafter. If any term of this Consent Decree is

19     determined by any court to be unenforceable, the other terms of this Consent Decree shall

20     nonetheless remain in full force and effect.

21

22     **SIGNATORIES BIND PARTIES:**

23     **30.**     Signatories on the behalf of the parties represent that they are authorized to bind

24     the parties to this Consent Decree.

25     ////

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR     — 12 —

1  **SIGNATORIES BIND PARTIES:**

2  31.   This Consent Decree may be executed in counterpart signatures, and such

3  signatures may be attached in counterparts, each of which shall be deemed an original, and

4  which together shall constitute one and the same instrument. Such counterparts may be signed

5  as faxed signatures, which shall have the same force and effect as original signatures.

6

7  Dated: _Feb. 29, 2012_

8  _____

CRAIG YATES

9

10  Dated: _MAR 3, 2012_

11  _____

M & V INVESTMENT, INC.

12  By: _____

13

14  Officer's Title: _MANAGER_

15

16  Dated: _____

17  _____

YAO LU WU

18

19  Dated: _____

20  _____

LI ZHEN ZHANG

21

22  Dated: _____

23  _____

PETER Y. ZHANG

24

25  Dated: _____

26  _____

LUCY KUNG

27

28

Shinnick Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1   **SIGNATORIES BIND PARTIES:**

2        **31.**     This Consent Decree may be executed in counterpart signatures, and such

3   signatures may be attached in counterparts, each of which shall be deemed an original, and

4   which together shall constitute one and the same instrument. Such counterparts may be signed

5   as faxed signatures, which shall have the same force and effect as original signatures.

6

7   Dated: _Feb. 29. 2012_

8                                          _____
                                           CRAIG YATES
9

10  Dated: _____

11
                                           _____
12                                         M & V INVESTMENT, INC.

13                                         By: _____

14                                         Officer's Title:_____

15

16  Dated: _____
                                           _____
17                                         YAO LU WU

18

19  Dated: _____
                                           _____
20                                         LI ZHEN ZHANG

21

22  Dated: _____

23                                         _____
                                           PETER Y. ZHANG
24

25  Dated: _____

26                                         _____
                                           LUCY KUNG
27

28

Full Consent Decree Order and Judgment: Case No. C 11-06649 DMR                    — 13 —

1    Dated: _____

2                       ROBERT LI

3

4    Dated: _____

5                       JUDY L. CHEONG

6

7    **APPROVED AS TO FORM:**

8    Dated: Mar. __, 2012            THIMESCH LAW OFFICES
9                       TIMOTHY S. THIMESCH, ESQ.

                      /s/ Timothy S. Thimesch, Authorized Signed
10                       Attorneys for Plaintiff
                      CRAIG YATES

11

12    Dated: Mar. __, 2012            JASON G. GONG, ESQ.
13                       LIVINGSTON LAW FIRM

                      /s/ Authorized Signed
14                       Attorneys for Defendants
                      HONG KONG LOUNGE; M & V
15                       INVESTMENT, INC.; YAO LU WU; LI
                      ZHEN ZHANG; PETER Y. ZHANG; LUCY
16                       KUNG; ROBERT LI; and JUDY L.
17                       CHEONG

18

19                       **ORDER**

20    **IT IS SO ORDERED.** _____

21 _____

22 _____

23 _____

24 _____.

25

26    Date: March 21, 2012

27           HON. DONNA M. RYU
          MAGISTRATE JUDGE
28           U.S. DISTRICT COURT

IT IS SO ORDERED
Judge Donna M. Ryu
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Thimesch Law Offices
HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401